## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

|  |  |
|---|---|
| **BOBBY R. McKENZIE AND** | |
| **SHARON K. McKENZIE,** | **CASE NO. 08-51929-NPO** |
| **DEBTORS.** | **CHAPTER 13** |
| **BOBBY R. McKENZIE AND** | |
| **SHARON K. McKENZIE** | **PLAINTIFFS** |
| **V.** | **ADV. PROC. NO. 09-05006-NPO** |
| **BILOXI INTERNAL MEDICINE CLINIC, P.A.** | **DEFENDANT** |

## MEMORANDUM OPINION DENYING MOTION TO DISMISS
## AND GRANTING MOTION FOR SUMMARY JUDGMENT

On November 5, 2009, this matter came on for hearing (the "Hearing") on Biloxi Internal Medicine Clinic, P.A.'s Motion to Dismiss and for Summary Judgment (the "Motion") (Adv. Dkt. No. 31) and the Brief of Biloxi Internal Medicine Clinic, P.A. in Support of its Motion to Dismiss and for Summary Judgment (the "Brief") (Adv. Dkt. No. 32), both filed by Katharine M. Samson on behalf of Biloxi Internal Medicine Clinic, P.A. ("BIMC"); the Plaintiffs' Response to Defendant's Motion to Dismiss and for Summary Judgment (the "Response") (Adv. Dkt. No. 35), filed by Patrick A. Sheehan on behalf of Bobby R. and Sharon K. McKenzie (collectively, the "Debtors"); and Biloxi Internal Medicine Clinic, P.A.'s Reply in Support of its Motion to Dismiss and for Summary Judgment (the "Reply") (Adv. Dkt. No. 37), filed by BIMC in this adversary proceeding (the "Adversary"). Having considered the pleadings, and being fully advised in the premises, the Court finds that the Motion should be denied in part and granted in part, as set forth herein. Specifically,

Page 1 of 11

the Court finds as follows:[1]

## Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Notice of the Hearing was proper under the circumstances.

## Factual Allegations

According to the First Amended Complaint (the "Amended Complaint") (Adv. Dkt. No. 16), the Debtors make the following allegations:[2]  The Debtors filed a voluntary Chapter 13 petition (the "Petition") and notice of the filing was sent to BIMC.  BIMC filed a proof of claim which disclosed the Debtor, Sharon McKenzie's ("Sharon McKenzie"), individually identifiable health information, social security number, date of birth, and account numbers, in violation of federal statute and Bankruptcy Rule 9037.  Thus, BIMC allegedly exposed Sharon McKenzie, intentionally or negligently, to identity theft.  Debtors also assert that BIMC attempted to collect a debt from the Debtors in violation of the automatic stay when it sent a debt collection letter to the Debtors on November 24, 2008.

The Amended Complaint sets forth three (3) counts as follows:

(1)  The first count alleges contempt of court and violation of Federal District Court Order and Policies, and Uniform Local Rules for the United States Bankruptcy Courts for the Northern and

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7052.

[2] In considering the Motion pursuant to Federal Rule of Civil Procedure ("Civil Rule") 12(b)(6), the Court must "liberally construe the [debtor's] complaint in favor of the [debtor as the non-moving party] and assume the truth of all pleaded facts."  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  Civil Rule 12(b)(6) is made applicable pursuant to Bankruptcy Rule 7012.

Southern District of Mississippi, Bankruptcy Rule 9037, and Civil Rule 5.2;

(2)  The second count alleges that BIMC willfully violated the automatic stay when it sent a debt collection letter ("Collection Letter") to Debtors' home after the Debtors filed their Petition; and,

(3) The third count alleges invasion of privacy and intentional or negligent infliction of emotional distress based on the disclosure of Sharon McKenzie's private information.

**Issues**

BIMC's Motion raises the following issues:

1.       Whether the first cause of action set forth in the Amended Complaint should be dismissed for failure to state a claim because the Debtors have no private right of action in the statutes and rules upon which they base their claim;

2.       Whether, with regard to the second cause of action, BIMC is entitled to a judgment as a matter of law that it did not wilfully violate the automatic stay when it sent the Collection Letter to Sharon McKenzie because it did not have notice of the bankruptcy until after the Collection Letter was placed in the mail; and,

3.       Whether the third cause of action set forth in the Amended Complaint should be dismissed because the Debtors cannot state a claim for invasion of privacy or intentional or negligent infliction of emotional distress under Mississippi law.

**Standard of Review**

**A.       Standard of Review for Motion to Dismiss**

In considering a motion under Civil Rule 12(b)(6), made applicable pursuant to Bankruptcy Rule 7012, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable

to the plaintiff." Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th

Cir. 2004). To overcome a 12(b)(6) motion, the Debtors must plead "enough facts to state a claim

to relief that is plausible on its face." Blackstock v. Sedgwick Claims Mgmt. Srvcs., Inc., 2009 WL

2754761, at * 1 (N.D. Miss. Aug. 26, 2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570,

127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937, 1948-

51, 173 L.Ed. 2d 868 (2009)). "Factual allegations must be enough to raise a right to relief above

the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful

in fact)." Id. (citing Twombly, 550 U.S. at 555) (internal citations and footnote omitted).

"Conversely, 'when the allegations in a complaint, however true, could not raise a claim of

entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure

of time and money by the parties and the court.'" Id. (quoting Cuvillier v. Taylor, 503 F.3d 397, 401

(5th Cir. 2007)).

### B.      Standard of Review for Motion for Summary Judgment

Civil Rule 56, made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 7056,

states that summary judgment is properly granted only when, viewing the evidence in the light most

favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, and

admissions, together with affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex

Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is genuine if "there is sufficient evidence

favoring the nonmoving party for a fact finder to find for that party," and material if it would "affect

the outcome of the lawsuit under the governing substantive law." Phillips Oil Co. v. OKC Corp.,

812 F.2d 265, 272-73 (5th Cir. 1987). Civil Rule 56(e) further provides, in relevant part:

> When a motion for summary judgment is properly made and supported as provided in this rule, an opposing party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e).

Thus, the moving party bears the initial responsibility of informing the Court of the basis for its motion, and of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has made its required showing, the nonmovant must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file designate specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324. In any event, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also* Medlock v. Commission for Lawyer Discipline, 24 S.W.3d 865, 870 (C.A. Tex. 2000).

### Discussion and Analysis

**1.    Debtors' first cause of action should not be dismissed.**

BIMC argues that the Debtors have no private right of action under the statutes or rules relied upon by the Debtors as a basis for this action. *See* Brief, pp. 5-9. The Court need not address that assertion, however, because the Court may use its equitable powers under § 105(a) to enforce Bankruptcy Rule 9037 and Civil Rule 5.2. *See* §105(a); In re Sanchez, 372 B.R. at 309-12. Section

105(a) states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

§ 105(a).

The Court has authority under § 105(a) to issue sanctions pursuant to its civil contempt power.  In Placid Ref. Co. v. Terrebonne Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.), 108 F.3d 609, 613 (5th Cir. 1997), the Fifth Circuit held that, "[t]he language of [§ 105] is unambiguous. Reading it under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code." *See also* In re Harris, 297 B.R. 61, 70 (Bankr. N.D. Miss. 2003) ("[Section] 105 provides a bankruptcy court with statutory contempt powers, in addition to whatever inherent contempt powers the court may have.").

The Fifth Circuit also has held that, "[j]udicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." American Airlines, Inc. v. Allied Pilots Ass'n, 228 F.3d 574, 585 (5th Cir. 2000) (*quoting* United States v. United Mine Workers of America, 330 U.S. 258, 303-04, 67 S.Ct. 677, 91 L.Ed. 884 (1947)).

A bankruptcy court in Tennessee held that, "[a]ppropriate fines for civil contempt generally include the parties' actual damages incurred and reasonable attorney's fees." French v. American Gen. Fin. Srvcs. (In re French), 401 B.R. 295, 314 (Bankr. E.D. Tenn. 2009) (*quoting* Braun v.

Champion Credit Union (In re Braun), 152 B.R. 466, 474 (N.D. Ohio 1993)). The French court went on to hold that "remedies are within the discretion of the court, and the party seeking contempt 'must put on credible evidence showing the amount of the loss sustained.'" Id. (*quoting* Distad v. United States (In re Distad), 392 B.R. 482, 487 (Bankr. D. Utah 2008)).

It is undisputed that BIMC violated Bankruptcy Rule 9037 and Civil Rule 5.2 by filing a proof of claim that included personal identifiers of Sharon McKenzie. The Debtors have, therefore, pled sufficient facts to withstand the Motion to Dismiss. This Court has the authority pursuant to § 105(a) to remedy the violation of Bankruptcy Rule 9037 and Civil Rule 5.2. Just as the Court may grant injunctive relief to remedy a violation of Bankruptcy Rule 9037 and Civil Rule 5.2 as it has by entering the Order Granting Motion to Substitute Attachment to Proof of Claim or  for Related Relief (Dkt. No. 37), so too may it compensate the Debtors for losses sustained as a result of BIMC's violation if those losses are proven by credible evidence.

> **2.      BIMC is entitled to a judgment as a matter of law that its violation of the automatic stay was not willful.**

BIMC asserts that it is entitled to a judgment as a matter of law that its violation of the automatic stay was not willful. The docket for the United States Bankruptcy Court for the Southern District of Mississippi (the "Docket")[3] shows that the Debtors filed the Petition on November 6, 2008. The Docket also reflects that the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Notice to Creditors") was not mailed until Saturday, November 22, 2008. The Debtors allege that BIMC willfully violated the automatic stay when it sent the Collection Letter, signed by Jane Clark, as Business Manager of BIMC, and dated November 24, 2008. In support of

---

[3] The Court may take judicial notice of its own docket under Fed. R. Evid. 201. ITT Rayonier Inc. v. U.S., 651 F.2d 343 (5th Cir. 1981).

its Motion, BIMC offers the Affidavit of Jane Clark (the "Clark Affidavit") in which Jane Clark sets

forth that the Collection Letter was picked up by the postal carrier on Monday, November 24, 2008,

simultaneous to his delivering the Notice to Creditors.  Ms. Clark also states that she opened the

Notice to Creditors after the Collection Letter had been picked up by the postal carrier.

In the Response, the Debtors argue that the Motion should be denied pursuant to Fed. R. Civ.

P. 56(f) ("Rule 56(f)"), made applicable to this Adversary pursuant to Bankruptcy Rule 7056, or

alternatively, the Debtors should be given leave to conduct further discovery because BIMC was in

control of all the facts of the timing of the mailing of the Collection Letter and the receipt of the

Notice to Creditors.  In order to obtain relief under Rule 56(f), the Debtors must show that they

exercised due diligence in conducting discovery.  Smith v. First Family Financial Srvcs., Inc., 436

F. Supp. 2d 836, 841 (S.D. Miss. 2006).  The Fifth Circuit has held that "the non-movant must

diligently pursue relevant discovery - the trial court need not aid non-movants who have occasioned

their own predicament through sloth."  Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d

915, 919 (5th Cir. 1993).

In the case at bar, BIMC filed its Answer to First Amended Complaint (the "Answer")(Adv.

Dkt. No. 20) on June 1, 2009.  The Tenth Defense in the Answer states, "BIMC asserts that it did

not have notice of the bankruptcy filing at the time that it mailed the past-due statement to Sharon

McKenzie."  Answer, p. 3.  The Debtors, therefore, had  notice by June 1, 2009, that BIMC asserted

that the violation of the stay created when it mailed the Collection Letter was unintentional because

BIMC lacked notice of the filing of the Petition.  Additionally, the Debtors obviously knew the name

of the office manager that sent the Collection Letter since they attached the Collection Letter as

Exhibit B to the Amended Complaint filed May 27, 2009.

BIMC, therefore, had from June 1, 2009, until August 28, 2009,[4] to conduct discovery regarding the willful violation of the automatic stay claim.  The docket reflects that the Debtors propounded absolutely no discovery during that period of time, but only responded to discovery requests by BIMC.  The Debtors had ample time after learning of BIMC's asserted defense to propound contention interrogatories and/or take Jane Clark's deposition during the extended discovery period.  Apparently, however, during the additional ninety-eight (98) days granted by the Court in which to complete discovery, the Debtors did not avail themselves of the discovery devices at their disposal.  The Court finds that the Debtors did not "diligently pursue relevant discovery" and are not, therefore, entitled to Rule 56(f) relief.  *See* Smith, 436 F. Supp. at 841.

In order to recover damages for a violation of the automatic stay, the Debtors must establish that the violation of the stay was willful.  *See* 11 U.S.C. § 362(k); *see also* Commercial Credit Corp. v. Reed, 154 B.R. 471, 475-76 (E.D. Tex. 1993); In re Preston, 333 B.R. 346, 349 (Bankr. M.D.N.C. 2005); Jackson v. Priority Trustees Srvcs. of Mississippi, LLC (In re Jackson), 392 B.R. 666, 671 n. 11 (Bankr. S.D. Miss. 2008).  The Clark Affidavit establishes that BIMC did not have knowledge of the bankruptcy filing at the time it mailed the Collection Letter.  The Debtors have failed to show that a genuine issue of material fact exists on this issue.  Accordingly, the Court finds that BIMC is entitled to a judgment as a matter of law that the violation of the automatic stay was not willful, and the Debtors are not entitled to damages on this claim.

---

[4] The Court granted the parties two extensions of time within which to conduct discovery. On May 28, 2009, the Court granted the first extension of time in which to conduct discovery until July 20, 2009. Adv. Dkt. No. 17.  On July 16, 2009, the Court granted the second extension until August 28, 2009.  Adv. Dkt. No. 25.

**3.      The Debtors' third cause of action should not be dismissed.**

BIMC argues that the Debtors' third cause of action based on invasion of privacy and intentional or negligent infliction of emotional distress should be dismissed for failure to state a claim upon which relief can be granted.  BIMC relies on Southhall v. Check Depot, Inc., (In re Southhall), 2008 WL 5330001 (Bankr. N.D. Ala. 2008)(applying Alabama law); Newton v. ACC of Enterprise, Inc., 2009 WL 277437 (Bankr. M.D. Ala. 2009)(applying Alabama law); Cordier v. Plains Commerce Bank, 2009 WL 890604 (Bankr. D. Conn. 2009)(applying Connecticut law); and French v. American Gen. Fin. Srvcs., 401 B.R. 295 (Bankr. E.D. Tenn. 2009)(applying Tennessee law).  In those cases, the bankruptcy courts determined that the creditor's disclosure of the debtor's social security number in its proof of claim was not "publication" so as to support an invasion of privacy claim under the applicable law of those states because information filed electronically with the court was accessible only to a limited number of people.  *See* Brief, pp. 9-14.  The Debtors assert that the audience for court records is significantly greater than set forth in the cases cited by BIMC. *See* Response, pp. 7- 10.

BIMC has not cited any binding authority that holds that disclosure of a debtor's personal identifiers or private medical information in a proof of claim filed electronically with a bankruptcy court does not satisfy the "publication" element of the tort of invasion of privacy *under Mississippi common law*.  Therefore, accepting all the well-pleaded facts of the Amended Complaint as true under the appropriate standard for determination of a 12(b)(6) motion, the Court finds that the Debtors have stated a viable cause of action.  The third cause of action, therefore, should not be dismissed.

**Conclusion**

For the reasons stated herein, the Court finds that BIMC's Motion should be denied in part and granted in part.  A separate order consistent with this Memorandum Opinion will be entered by the Court in accordance with Bankruptcy Rules 7054 and 9021.